Eugene DUNWOODIE and Leonard J. Wolons, Plaintiffs,

v.

CHRYSLER CORPORATION, Defendant.

Civ. No. 5–71718.

United States District Court, E. D. Michigan, S. D.

Nov. 9, 1978.

Judith A. Scott, Detroit, Mich., for plaintiffs.

Thomas G. Kienbaum, Detroit, Mich., for defendant.

MEMORANDUM RE DEFENDANT'S MOTION TO STRIKE AND/OR LIMIT PLAINTIFFS' CLAIM FOR RECOVERY

THORNTON, District Judge.

Plaintiffs bring this action pursuant to the Age Discrimination in Employment Act

of 1967 (ADEA) (29 U.S.C. § 621, et seq.) alleging that they were discriminated against by defendant in filling certain foreman jobs, from which plaintiffs had been demoted, with younger persons. In their prayer for relief plaintiffs seek injunctive relief including reinstatement of plaintiffs to their prior positions and economic loss reimbursement. Plaintiffs further ask that "this Court award to each Plaintiff liquidated damages in the amount of $500,000.00 for the extraordinary stress and daily humiliation caused each of them, after 29 years of service to Defendant, by Defendant's wilful and unlawful behavior." Defendant has moved to strike and/or limit plaintiffs' claim for recovery by "dismissing any allegation with respect to theories of recovery beyond reinstatement, an award of back pay, and an award of an equal amount as liquidated damages in case of wilful violation, if shown."

With respect to civil actions under 29 U.S.C. § 621, et seq., the pertinent language of the statute is as follows:

Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter. 29 U.S.C., § 626(c).

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases

of wilful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion. 29 U.S.C. § 626(b).

In *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), the Supreme Court had occasion to make certain observations about the provisions of the ADEA. At issue there was the right of a jury trial which the Court held was intended by Congress to be available where sought by one of the parties in a private action under the ADEA. In discussing the background of the ADEA the Court points out the FLSA * powers, remedies and procedures language as above set forth in § 626(b). The Court also said that "while incorporating into the ADEA the FLSA provisions authorizing awards of liquidated damages, Congress altered the circumstances under which such awards would be available in ADEA actions by mandating that such damages be awarded only where the violation of the ADEA is willful. Finally, Congress expressly declined to incorporate into the ADEA the criminal penalties established for violations of the FLSA."

The following language in *Lorillard* with respect to § 626(b) is relevant here.

Pursuant to Section 7(b) of the Act, 29 U.S.C. § 626(b), violations of the ADEA generally are to be treated as violations of the FLSA. 'Amounts owing . . . as a result of a violation' of the ADEA

* Fair Labor Standards Act.

are to be treated as 'unpaid minimum wages or overtime compensation' under the FLSA and the rights created by the ADEA are to be 'enforced in accordance with the powers, remedies and procedures' of specified sections of the FLSA.

It appears to this Court that damages in the instant case must be limited in accordance with *Lorillard* wherein the Supreme Court clearly states that liquidated damages ** may be awarded only where the violation of the ADEA is willful. Implicit in the holding is the negation of punitive damages or any type of damages over and above damages by way of reimbursement (back pay), overtime pay and statutory liquidated damages.

An order in conformance with the foregoing may be presented.

** An amount equal to the unpaid wages found due because of the willful ADEA violation pursuant to 29 U.S.C. § 216(b) incorporated into ADEA by 29 U.S.C. § 626(b).